**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SHARON CARPENOS | * |
| Plaintiff, | * Civil Action No. |
| v. | * |
| KEITH BRUNI AND | * |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | * JANUARY 25, 2018 |
| Defendants. | * |

**NOTICE OF REMOVAL OF ACTION FROM THE SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF STAMFORD, TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT PURSUANT TO 28 U.S.C §§ 1441 and 1446**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C §§ 1441 and 1446, the defendant, KEITH BRUNI (hereinafter referred to as "the defendant") by and through his attorney, hereby removes the above-captioned case from the Superior Court of Connecticut, Judicial District of Stamford and in support of removal, states as follows:

1. This case is currently pending in the Superior Court of Connecticut, judicial district of Stamford under case number FST-CV18-6034501-S. The territory assigned to the United States District Court for the District of Connecticut under 28 U.S.C. § 86 includes the County of New Haven, where the plaintiff is alleged to be located.

2. Plaintiff's counsel confirmed, in writing on January 22, 2018, that the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interests and costs.

3. A copy of the Summons and Complaint was served on Keith Bruni by certified mail on or about December 4, 2017. A copy of the Summons and Complaint is attached as Exhibit A pursuant to 28 U.S.C. § 1446(a).

4. A copy of the Summons and Complaint was served on Safeco Insurance Company of Illinois by way of the Insurance Commissioner of the State of Connecticut on or about December 1, 2017.

5. The thirty (30) day period within which the defendants may petition this Court for removal under 28 U.S.C. § 1446(b) has not yet expired and, therefore, the Notice of Removal is filed within the time allowed by law.

6. By this action, the plaintiff who was allegedly injured in a motor vehicle accident, asserts various claims of negligence against both defendants.

7. Upon information and belief, the plaintiff, Sharon Carpenos resides at 15 Elderslie Road, Woodbridge, Connecticut 06525.

8. Upon information and belief, the defendant, Keith Bruni, resides at 47 Jackson Road, Bedford, New York 10506.

9. Upon information and belief, the defendant, Safeco Insurance Company of Illinois, has its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

10. Upon information and belief, the defendant, Safeco Insurance Company of Illinois, is not incorporated in either Connecticut or New York.

11. The Court has original (diversity) jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interests and costs, and the plaintiff and defendants are citizens or entities of different states.

12. None of the defendants have previously sought to remove this action.

13. There are three pending motions in State Court requiring the Court's attention, a Motion to Transfer and two Motions for Extension of Time regarding discovery. A separate pleading contains copies of those motions.

14. Counsel for the plaintiff and Safeco Insurance Company of Illinois do not consent to the removal of this matter to Federal Court.

15. After this Notice of Removal is filed, written notice of the filing of this Notice of Removal will immediately be given to all parties. Notice of this Removal will also be filed simultaneously in the Superior Court of Connecticut, Judicial District of Stamford.

WHEREFORE, the defendant, requests that this case be removed from the Connecticut Superior Court, Judicial District of Stamford to this Court.

Respectfully submitted,
FOR THE DEFENDANT

By: /s/
Elycia D. Solimene (CT 25715)
Christopher J. Lisi (CT 28964)
Solimene & Secondo, LLP
1501 East Main Street, Suite 204
Meriden, Connecticut 06450
(203) 599-0140
Solimene&ss-llp.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2018, a copy of the foregoing was served by electronic mail & regular mail to the following:

**Counsel for the Plaintiff, Sharon Carpenos**
Attorney Louis M. Rubano
Lynch, Traub, Keefe & Errante, PC
52 Trumbull Street, POB 1612
New Haven, CT 06510
Facsimile: 203-782-0278

**Counsel for the Defendant, SafeCo Insurance Company of Illinois**
Attorney Shari N. Pearlman
Meehan, Roberts, Turret & Rosenbaum
108 Leigus Road, 1st Floor
Wallingford, CT 06492
Email: LMLAWCT@Libertymutual.com
       shari.pearlman@libertymutual.com

/s/
_____
Elycia D. Solimene

**EXHIBIT A**

# SUMMONS - CIVIL
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 123 Hoyt Street, Stamford 06905 | ( 203 ) 965-5308 | January 2, 2018 |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Stamford | Case type code (See list on page 2) Major: V  Minor: 01 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Louis Rubano, Lynch, Traub, Keefe & Errante, 52 Trumbull Street, New Haven 06510 | 034876 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 203 ) 787-0275 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to): LRUBANO @ LTKE.COM

Number of Plaintiffs: 1   Number of Defendants: 2   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Carpenos, Sharon  Address: 15 Elderslie Road, Woodbridge, CT 06525 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Bruni, Keith  Address: 47 Jackson Road, Bedford, NY 10506 | D-01 |
| Additional Defendant | Name: Safeco Insurance Company of Illinois  Address: c/o Agent for Service: Insurance Comm. Katharine Wade, 153 Market Street, Hartford, CT 06103 | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left Louis Rubano | Date signed 11/22/2017 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE: JANUARY 2, 2018 | : | SUPERIOR COURT |
| SHARON CARPENOS | : | J.D. OF STAMFORD |
| V. | : | AT STAMFORD |
| KEITH BRUNI and SAFECO INSURANCE COMPANY OF ILLINOIS | : | NOVEMBER 20, 2017 |

### COMPLAINT

### COUNT ONE – ON BEHALF OF SHARON CARP AS TO KEITH BRUNI FOR NEGLIGENCE

1. On or about November 30, 2015 at approximately 4:55 PM, the plaintiff, **SHARON CARPENOS**, was operating a motor vehicle northbound on I. 95 in the left hand lane of three lanes of travel in Bridgeport, Connecticut.

2. At the same time and place, the defendant, **KEITH BRUNI**, was operating a motor vehicle northbound on I. 95 in the left hand lane of three lanes of travel, directly behind the motor vehicle operated by the plaintiff, **SHARON CARPENOS**.

3. At the same time and place, while at a lawful stop, the vehicle operated by the plaintiff, **SHARON CARPENOS**, was suddenly and without warning, struck from behind by the motor vehicle operated by the defendant, **KEITH BRUNI**, causing a collision between the two vehicles.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

4.   As a result of the collision between the **KEITH BRUNI** vehicle and the **SHARON CARPENOS** vehicle, the plaintiff's vehicle was propelled forward into the vehicle directly in front of hers causing a second collision.

5.   The aforesaid collisions were caused by the negligence of the defendant, **KEITH BRUNI**, in one or more of the following ways:

a. In that he failed to keep his vehicle under proper and reasonable control;

b. In that he failed to maintain a proper look out for other vehicles or conditions on the highway or to pay attention to where he was heading;

c. In that he failed to apply his brakes in time or in a sufficient fashion so as to avoid the collision;

d. In that he failed to sound his horn or to make any attempt whatsoever to give the plaintiff a timely warning of the impending collision;

e. In that she failed to turn her vehicle in order to avoid the collision;

f. In that he failed to otherwise use proper precautions or measures to avoid the collision;

g. In that he failed to remain awake and alert during his operation of said vehicle;

-2-

h. In that he operated her motor vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the highway in violation of the common law;

i. In that he operated his motor vehicle at a rate of speed greater than what was reasonable in light of the with, traffic and use of the highway in violation of Connecticut General Statutes Section 14-218a;

j. In that he failed to grant the right of way to the motor vehicle operated by the plaintiff in violation of the common;

k. In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of the common law;

l. In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of Connecticut General Statutes Section 14-240.

6. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **SHARON CARPENOS**, suffered the following painful and serious personal injuries, some or all of which may be permanent in nature:

a. Traumatic brain injury;

b. Cognitive impairment;

c. Headaches;

d. Injury to the cervical spine;

   e. Injury to the right knee;

   f. Right upper extremity radicular symptoms;

   g. Radiculopathy into the left lower extremity;

   h. Injury to the lumbar spine;

   i. Injury to the thoracic spine;

   j. Post-concussive syndrome with post-traumatic headaches;

   k. Post-traumatic cognitive impairment;

   l. Anxiety;

   m. Memory loss;

   n. Personality changes;

   o. Associated physical and mental pain and suffering.

   7. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **SHARON CARPENOS**, has suffered and continues to suffer mental anguish, frustration and anxiety over the fact that she was and remains injured.

   8. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **SHARON CARPENOS**, has incurred and will continue to incur in the future, expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment

-4-

and therapy, all of which has caused her and will continue to cause her loss and damage.

9. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **SHARON CARPENOS**, was unable to perform the duties of her occupation as she had prior to the above collision, which caused her financial loss and damage.

10. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **SHARON CARPENOS**, has suffered and will continue to suffer a decrease in her capacity to engage in and life's activities as she was able to do prior to the motor vehicle accident.

### COUNT TWO – ON BEHALF OF SHARON CARPENOS AS TO SAFECO INSURANCE COMPANY OF ILLINOIS FOR UNDERINSURED MOTORIST COVERAGE

1. On or about November 30, 2015 at approximately 4:55 PM, the plaintiff, **SHARON CARPENOS**, was operating a motor vehicle northbound on I. 95 in the left hand lane of three lanes of travel in Bridgeport, Connecticut.

2. At the same time and place, **KEITH BRUNI** was operating a motor vehicle northbound on I. 95 in the left hand lane of three lanes of

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

-5-

travel, directly behind the motor vehicle operated by the plaintiff, **SHARON CARPENOS**.

3. At the same time and place, while at a lawful stop, the vehicle operated by the plaintiff, **SHARON CARPENOS**, was suddenly and without warning, struck from behind by the motor vehicle operated by **KEITH BRUNI**, causing a collision between the two vehicles.

4. As a result of the collision between the **KEITH BRUNI** vehicle and the **SHARON CARPENOS** vehicle, the plaintiff's vehicle was propelled forward into the vehicle directly in front of hers causing a second collision.

5. The aforesaid collisions were caused by the negligence of **KEITH BRUNI** in one or more of the following ways:

    a. In that he failed to keep his vehicle under proper and reasonable control;

    b. In that he failed to maintain a proper look out for other vehicles or conditions on the highway or to pay attention to where he was heading;

    c. In that he failed to apply his brakes in time or in a sufficient fashion so as to avoid the collision;

    d. In that he failed to sound his horn or to make any attempt whatsoever to give the plaintiff a timely warning of the impending collision;

    e.    In that she failed to turn her vehicle in order to avoid the collision;

    f.    In that he failed to otherwise use proper precautions or measures to avoid the collision;

    g.    In that he failed to remain awake and alert during his operation of said vehicle;

    h.    In that he operated her motor vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the highway in violation of the common law;

    i.    In that he operated his motor vehicle at a rate of speed greater than what was reasonable in light of the with, traffic and use of the highway in violation of Connecticut General Statutes Section 14-218a;

    j.    In that he failed to grant the right of way to the motor vehicle operated by the plaintiff in violation of the common;

    k.    In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of the common law;

    l.    In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of Connecticut General Statutes Section 14-240.

6. As a direct and proximate result of the aforesaid negligence of **KEITH BRUNI**, the plaintiff, **SHARON CARPENOS**, suffered the following painful and serious personal injuries, some or all of which may be permanent in nature:

-7-

a. Traumatic brain injury;

b. Cognitive impairment;

c. Headaches;

d. Injury to the cervical spine;

e. Injury to the right knee;

f. Right upper extremity radicular symptoms;

g. Radiculopathy into the left lower extremity;

h. Injury to the lumbar spine;

i. Injury to the thoracic spine;

j. Post-concussive syndrome with post-traumatic headaches;

k. Post-traumatic cognitive impairment;

l. Anxiety;

m. Memory loss;

n. Personality changes;

o. Associated physical and mental pain and suffering.

7. As a direct and proximate result of the aforesaid negligence of **KEITH BRUNI**, the plaintiff, **SHARON CARPENOS**, has suffered and continues to suffer mental anguish, frustration and anxiety over the fact that she was and remains injured.

8. As a direct and proximate result of the aforesaid negligence of **KEITH BRUNI**, the plaintiff, **SHARON CARPENOS**, has incurred and will continue to incur in the future, expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment and therapy, all of which has caused her and will continue to cause her loss and damage.

9. As a direct and proximate result of the aforesaid negligence of **KEITH BRUNI**, the plaintiff, **SHARON CARPENOS**, was unable to perform the duties of her occupation as she had prior to the above collision, which caused her financial loss and damage.

10. As a direct and proximate result of the aforesaid negligence of **KEITH BRUNI**, the plaintiff, **SHARON CARPENOS**, has suffered and will continue to suffer a decrease in her capacity to engage in and life's activities as she was able to do prior to the motor vehicle accident.

11. The defendant, **SAFECO INSURANCE COMPANY OF ILLINOIS**, is an insurance company authorized to do business in the state of Connecticut. In 2015 it was in the business of entering into automobile insurance contracts with persons who owned and/or operated motor vehicles.

12. At all relevant times hereto, the plaintiff, **SHARON CARPENOS**,

had an automobile insurance policy with the defendant in which all the insurance premiums were paid in full and the policy was in full force and effect as of the date of plaintiff's injuries (Policy No. K1874312) which included uninsured/underinsured motorist coverage.

13. At all relevant times hereto, the primary tortfeasor did not have a sufficient automobile insurance policy that could be used to compensate the plaintiff for her injuries.

14. At all relevant times hereto, the plaintiff, **SHARON CARPENOS**, was a lawful insured under said policy with the defendant, **SAFECO INSURANCE COMPANY OF ILLINOIS**.

15. At all relevant times hereto, the defendant, **SAFECO INSURANCE COMPANY OF ILLINOIS**, is required to make payment to the plaintiff pursuant to Connecticut General Statutes Section 38a-336.

WHEREFORE, the plaintiff claims:

1. Compensatory damages;

2. Such other and further relief as law and equity may provide.

                        THE PLAINTIFF

                        _____
                        Louis M. Rubano, Esq.
                        LYNCH, TRAUB, KEEFE & ERRANTE, P.C.
                        52 TRUMBULL STREET, POB 1612
                        NEW HAVEN, CT 06510
                        JURIS: 034876
                        TEL. (203) 787 0275
                        FAX: (203) 782 0278

The plaintiff claims compensatory damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00) exclusive of interest and costs.