UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON CARPENOS | * |
| Plaintiff, | *  Civil Action No. 3:18-cv-00148-VLB |
| v. | * |
| KEITH BRUNI AND | * |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | *  JULY 2, 2019 |
| Defendants. | * |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY FROM MICHAEL CONNAIR, M.D., AND KIMBERLEE SASS, PhD

Pursuant to FRCP Rule 26 the undersigned defendant, Keith Bruni, hereby respectfully move to preclude the plaintiff's recently disclosed experts, Michael Connair, M.D., and Kimberlee Sass, PhD, from testifying.

FRCP Rule 26(a)(2)(D), Time to Disclose Expert Testimony, states that a "Party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial…".

The defendant objects to both Michael Connair, M.D. and Kimberlee Sass, PhD, being disclosed as experts and to testify at trial. The defendant objects on the basis that they are a late disclosure, well beyond that contemplated in the 26(f) Report.

The 26(f) Report agreed to by all parties noted that the Plaintiff would designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed, R. Civ. P. 26(a) (2) by August 31, 2018. Depositions of any expert were to be completed by March 19, 2019.

The plaintiff has yet to even file an expert disclosure of any kind. The plaintiff indicated to undersigned counsel on June 3, 2019 in preliminary discussions on the Joint Trial Memorandum that the plaintiff intended to have both Michael Connair, M.D., and Kimberless Sass, PhD, provide expert testimony as trial based upon their treatment of the plaintiff. The Joint Trial Memorandum was filed the next day on June 4, 2019, with the plaintiff including both Michael Connair, M.D., and Kimberless Sass, PhD as experts to testify at trial. The trial is to commence on July 16, 2019.

There was absolutely no reason for the plaintiff to delay in disclosing these experts until less than forty-five day before trial. The plaintiff began treatment with Michael Connair, M.D., on December 4, 2015 and with Kimberless Sass, PhD, on December 7, 2015. Therefore, the expert disclosure could have been filed at any point prior to the August 31, 2018 deadline articulated in the 26(f) report. But the plaintiff decided to wait fifteen months to designate her experts, well beyond the deadlines imposed by Rule 26(a)(2)(D) or the 26(f) Report. These disclosures were delayed in bad faith in order to gain advantage at trial. "[The] rules of discovery are designed to make a trial less a game of blindman's bluff and more a

fair contest with the basic issues and facts disclosed to the fullest practicable extent."  Wexler v. DeMaio, 280 Conn. 168, 188-89 (2006) Internal quotations omitted).  See also, Rosenberg v. Castaneda, 38 Conn. App. 628, 632 (1995); City of Hartford v. Anderson Fairoaks, Inc., 7 Conn. App. 591, 600 (1986); Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103, 106 (1984).

The defendant has no objection to the medical records for treatment from both Michael Connair, M.D. and Kimberlee Sass, PhD, coming into evidence, but reiterates its objection to both doctors being disclosed as experts and testifying at trial.

WHEREFORE, the defendants respectfully request the Court enter an order precluding the plaintiff's experts from testifying a trial.

>	Respectfully submitted,
>	FOR THE DEFENDANT
>
>
>	By: _____/s/_____
>
>	Elycia D. Solimene (CT 25715)
>	Christopher J. Lisi (CT 28964)
>	Solimene & Secondo, LLP
>	1501 East Main Street, Suite 204
>	Meriden, Connecticut 06450
>	(203) 599-0140
>	Solimene@ss-llp.com
>	Lisi@ss-llp.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Christopher J. Lisi